# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR894 WQH |
| Plaintiff, | ORDER |
| vs. | |
| RAYMUNDO ISRAEL REYES-CHACON, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion to preclude the Government from admitting the deposition of the material witness at trial filed by the Defendant Raymundo Isreal Reyes-Chacon (Doc. # 50).

## BACKGROUND FACTS

On March 26, 2008, a federal grand jury returned a three count indictment against the Defendant charging one count of bringing in an illegal alien into the United States for financial gain in violation of 8 U.S.C. §1324(a)(2)(B)(ii), one count of bringing in an illegal alien into the United States without presentation in violation of 8 U.S.C. §1324(a)(2)(B)(iii), and one count of fraud and misuse of entry documents in violation of 18 U.S.C. §1546(a).

On April 25, 2008, United States Magistrate Judge Battaglia granted the motion to conduct a video taped deposition filed by the material witness Juan Mejorado-Pena. The Court ordered the deposition to take place on April 29, 2008 and ordered the Government to produce

1  discovery regarding the material witness to defense counsel. (Doc. # 17 and Doc. # 19). Prior
2  the deposition, the Government produced discovery regarding the material witness to defense
3  counsel.

4        Shortly before the deposition on April 29, 2008, the prosecutor and a representative of
5  the United States Customs and Border Protection met with the material witness and the
6  attorney for the material witness. At this meeting, the material witness stated for the first time
7  that he believed that he could identify the man he believed was the driver of the vehicle inside
8  which he had been concealed. The material witness described the circumstances prior to being
9  placed in the vehicle and described the driver to be quite tall, with glasses, a moustache and
10 dark hair with some grey. This statement by the material witness purporting to incriminate the
11 Defendant was different from his post arrest statement at the border.

12       At the conclusion of this meeting, the prosecutor had Customs and Border Protection
13 agents prepare a six-pack photographic lineup to present to the material witness which
14 included a photograph of the Defendant. The prosecutor informed defense counsel that the
15 deposition was delayed because the material witness had indicated that he would be able to
16 identify a photograph of the man he believed to be the driver and that the description of the
17 man given by the material witness incriminated the Defendant. The prosecutor informed
18 defense counsel that a photographic line up was being performed by Customs and Border
19 Protection agents, using standard procedures and that no attorneys would be present. Defense
20 counsel did not request the deposition be rescheduled.

21       The photographic line up conducted by the Customs and Border Protection agents was
22 recorded on a mini-cassette tape by the same videographer who recorded the recorded the
23 deposition. Counsel for the Government did not inform defense counsel that the photographic
24 line up conducted by the Customs and Border Protection agents had been recorded. The
25 Government did not provide a copy of the recorded statement to the defense prior to the
26 deposition. The deposition of the material witness was conducted as scheduled. During the
27 deposition, the material witness picked the Defendant out of the photo lineup as the driver and
28 identified the Defendant in person as the driver.

1    A couple of weeks prior to trial, the mini-cassette tape containing both the video of the
2 initial photographic line up and the deposition of the material witness was transferred onto
3 DVD and the DVD was produced as discovery to defense counsel.

4    Defense counsel first became aware of the videotape of the initial photographic line up
5 at the time of trial while questioning the Customs and Border Patrol agent regarding the
6 photographic identification. Pursuant to the defense motion, the Court declared a mistrial.

## CONTENTIONS OF THE PARTIES

8    Defendant moves the Court to preclude admission of the deposition of the material
9 witness on the grounds that the deposition was not taken in compliance with law as required
10 by Rule 15 of the Federal Rules of Criminal Procedure. Defendant contends that the
11 Government was in possession of a videotaped statement of the material witness prior to the
12 deposition which purported to incriminate him and failed to disclosed the statement to the
13 defense until months after the deposition was completed and the material witness had returned
14 to Mexico. Defendant asserts that the videotaped deposition of the material witness is hearsay
15 and that no exception to the hearsay rule applies to allow its admission.

16    The Government admits that it failed to comply with Fed. R. Crim. P. 15. The
17 Government asserts that it acted in good faith and that defense counsel knew the substance of
18 the photographic line up prior to the deposition of the material witness. The Government
19 asserts that the Defendant cannot establish prejudice and that exclusion of the deposition is not
20 required.

## APPLICABLE LAW

22    8 U.S.C. Section 1324(d) provides in relevant part that "the videotaped . . .deposition
23 of a witness to a violation subsection (a) of this section who is . . .otherwise unable to testify,
24 may be admitted into evidence in an action brought for that violation if the witness was
25 available for cross-examination and the deposition otherwise complies with the Federal Rules
26 of Evidence."

27    Fed. R. Crim. P. 15(a)(2) provides that a witness detained under 18 U.S.C. § 3144 as
28 a material witness "may request to be deposed by filing a written motion and giving notice to

the parties." Fed. R. Crim. P. 15(e) further provides that a deposition must be taken and filed in the same manner as a deposition in a civil action, except that . . . "the government must provide to the defendant or the defendant's attorney, for use at the deposition, any statement of the deponent in the government's possession to which the defendant would be entitled to at trial." Rule 15 further provides that "[a] party may use all or part of a deposition as provided by the Federal Rules of Evidence." Fed. R. Crim. P. 15(f).

Rule 804 of the Federal Rules of Evidence provides in relevant part that "[t]he following are not excluded by the hearsay rule if the declarant is unavailable as a witness...[t]estimony given as a witness at another hearing of the same or different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

### RULING OF THE COURT

The material witness in this case was detained under 18 U.S.C. § 3144. The material witness moved the Court for an order that he be subjected to videotaped deposition. (Doc. # 9). The Magistrate Judge granted the Order and required the Government to produce discovery related to the material witness. (Doc. 17 and Doc. 19). Prior to trial, the Government moved the Court to admit the testimony of the material witness through deposition pursuant to 8 U.S.C. § 1324(d) on the grounds that the material witness cannot be located. (Doc. # 35 at 8). The Court granted the motion prior to the discovery that the videotape of the photographic line up had not been provided to defense counsel before the deposition was completed.

The requirements of Fed. R. Crim. P. 15(e) that the "government must provide to the defendant or the defendant's attorney, for use at the deposition, any statement of the deponent in the government's possession to which the defendant would be entitled to at trial" applied to the deposition of the material witness. The Government concedes and the Court finds that Government failed to provide the videotaped photograph line up prior to the completion of the deposition of the material witness as required by Fed. R. Crim. P. 15(e)(3).

Pursuant to Fed. R. Crim. P. 15(f) the Government may only use the deposition as

1  provided in the Rules of Evidence. Fed. R. Evid. 804(b)(1) provides that when a declarant is
2  unavailable deposition testimony "taken in compliance with law" is not hearsay. The Court
3  finds that the deposition of the material witness under the facts of this case does not satisfy the
4  requirements of Fed. R. Evid. 804(b)(1). The manner of taking the deposition of the material
5  witness in this case did not comply with the requirements of Fed. R. Crim. P. 15(e)(3). The
6  deposition testimony of the material witness is hearsay and Fed. R. Evid. 804(b)(1) does not
7  apply to allow its admission. Since the deposition in this case does not "otherwise compl[y]
8  with the Federal Rules of Evidence," it may not be admitted into evidence pursuant to 8
9  U.S.C. §1324(d).

10  IT IS HEREBY ORDERED that the Motion to preclude the government from admitting
11  the deposition of the material witness at trial filed by the Defendant Raymundo Isreal Reyes-
12  Chacon (Doc. # 50) is granted. IT IS FURTHER ORDERED that the jury trial set for January
13  6, 2009 is vacated and the Court will hold a status hearing on January 5, 2009 to set a new trial
14  date.

15  DATED: December 16, 2008

**WILLIAM Q. HAYES**
United States District Judge